**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **JENNIFER TOTTON,** on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**BARADA ASSOCIATES INC.**<br><br>Defendant. | Case No.: ________________<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Jennifer Totton ("**Plaintiff**"), by the undersigned attorneys, on her own behalf and behalf of all others similarly situated, upon personal knowledge with respect to herself, and upon information and belief as to all other matters, brings this class action against Defendant Barada Associates Inc. ("**Defendant**"), pursuant to the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681 *et seq*., and alleges as follows:

## NATURE OF THE ACTION

1. The need for consumer reporting agencies to adopt reasonable procedures to ensure that the information they disseminate is accurate, up-to-date, and furnished only to users for legally permissible purposes is more critical than ever. Today, approximately three billion consumer credit reports are issued annually in the United States. Moreover, every month, credit reporting agencies receive roughly 1.3 billion updates regarding 200+ million consumer files—an average of fifteen changes per file. National Consumer Law Center, *Fair Credit Reporting* § 1.2.2 (10th ed. 2022), *updated at* www.nclc.org/library.

2. In enacting the FCRA in 1970, Congress expressly acknowledged "[t]here is a need

to insure *(sic)* that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

3. Congress was particularly concerned with the expanding practice of "credit reporting," noting in a Senate Report accompanying the new legislation that a consumer's future employment could be jeopardized by an incomplete (or otherwise erroneous) credit or consumer report. S. Report 91-517, at 4 (1970).

4. Consequently, Congress created a maximum reporting period for adverse information that does not involve criminal conviction records. Negative items—such as civil judgments, collection accounts, paid tax liens, arrests, suspensions, and non-conviction records—cannot be reported after 7 years to protect consumers from having permanently damaging information in their credit or background reports. *See* 15 U.S.C. § 1681c(a).

5. Moreover, at the time such public record information is reported to the user of such consumer report, the FCRA requires consumer reporting agencies to notify the consumer that such information is being reported. *See* 15 U.S.C. § 1681k.[1]

6. Despite these and other prohibitions, Defendant violated the FCRA by, *inter alia*: (i) failing to contemporaneously notify Plaintiff and other consumers of Defendant's reporting of public record information to end users; and (ii) producing consumer reports regarding Plaintiff and other consumers that included adverse information prohibited by 15 U.S.C. § 1681c(a)(2) and 15 U.S.C. § 1681c(a)(5). .

7. Upon information and belief, Defendant's actions were taken according to company policy and procedure in violation of the FCRA and affect each proposed class member.

---

[1] Relatedly, the FCRA requires consumer reporting agencies to clearly and accurately disclose all information in a consumer's file at the time of a consumer's request. *See* 15 U.S.C. §1681g.

As such, Plaintiff, on her own behalf and behalf of all others similarly situated, files this Class Action Complaint seeking statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA.

## PARTIES

8. Plaintiff Jennifer Totton is, and was at all relevant times, a resident of Indiana. Plaintiff was the subject of a consumer report[2] produced by Defendant for employment purposes.

9. Defendant, a consumer reporting agency[3] as defined by the FCRA, is engaged in the business of producing consumer reports for employment purposes and can be served through its registered agent, William C. Barada, 130 E. 2nd Street, Rushville, IN 46173. Upon information and belief, Defendant has produced more than 10,000 consumer reports for employment purposes in the past two years.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States.

11. This Court has personal jurisdiction over Defendant because Defendant operates in this District and Defendant's contacts with this District are so continuous and systematic as to

---

[2] The FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for …(B) employment purposes[.]" 15 U.S.C. § 1681(d)(1)(B).

[3] The FCRA defines "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681(a)(f).

render Defendant essentially at home in this District. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945))].

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District, and Defendant is subject to personal jurisdiction here.

## LEGAL AUTHORITY

13. The FCRA is "undeniably a remedial statute that must be read in a liberal manner in order to effectuate the congressional intent underlying it." *Cortez v. TransUnion*, 617 F.3d 688, 722 (3d Cir. 2010).

14. Section 1681c(a) protects consumers by prohibiting consumer reporting agencies from including outdated, irrelevant, or overly stale negative information, generally limiting such reporting to seven years. Section 1681c(a) further states:

> Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information:
> **…**
> **(2)** Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.
> …
> **(5)** Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a) (emphasis added).

15. In acknowledging that adverse information can become stale and outdated, Congress recognized that dated adverse information is often no longer predictive of risk and can unfairly harm employment and housing opportunities.

16. Section 1681k of the FCRA requires consumer reporting agencies that furnish

consumer reports for employment purposes which contain matters of public record likely to have an adverse effect on the ability of consumers to obtain employment to:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k.

17. In summary, in conjunction with and contemporaneous to their reporting of public record information to end users, 15 U.S.C. § 1681k demands that consumer reporting agencies: (i) notify consumers that such information has been reported; and (ii) maintain and follow strict procedures designed to ensure the information is both accurate and complete. *See id*.

**<u>FACTUAL ALLEGATIONS</u>**

18. Defendant produces background screening and other consumer reports for end users for employment purposes for a fee. The consumer reports produced by Defendant contain items which are matters of public record and are likely to have an adverse effect on a consumer's ability to obtain employment.

19. Upon information and belief, Defendant knows it must comply with the FCRA in producing and providing consumer reports.

20. Plaintiff applied for employment with an end user, Indiana Bureau of Motor Vehicles ("IBMV"), in or about June of 2025.

21. Upon information and belief, a written agreement addressing the production of consumer reports exists between Defendant and IBMV which requires Defendant to produce reports that comply with the FCRA.

22. Defendant subsequently provided IBMV with a consumer report concerning Plaintiff for employment purposes ("Consumer Report").

23. The Consumer Report produced by Defendant included adverse information which antedates the report by more than seven years.

24. Plaintiff's Consumer Report included three separate driver's license suspensions for delinquent child support payments dating back to 2012, 2015, and 2016.

25. 15 U.S.C. § 1681c(a) prohibits reporting adverse items of information, other than records of convictions of crimes, that antedate a consumer report by more than seven years.

26. The suspension of a driver's license is a civil matter, distinct from any criminal offense. *See Burnside v. Ill. Sec'y of State*, No. 06-3030, 2006 U.S. Dist. LEXIS 51844, at *7 (C.D. Ill. July 27, 2006).

27. The Consumer Report produced by Defendant includes stale and obsolete information that is harmful when seeking employment due to the lack of predictive risk associated with such information.

28. The inclusion of driver's license suspension information that antedated the Consumer Report produced by Defendant by more than seven years violates the FCRA and would have an adverse effect on Plaintiff's chances of gaining employment.

29. The inclusion of information concerning delinquent child support payments that antedated the Consumer Report produced by Defendant by more than seven years violates the FCRA and would have an adverse effect on Plaintiff's chances of gaining employment.

30. Society takes a negative view of individuals who are delinquent on child support payments and reporting stale information on the subject harms Plaintiff's reputation.

31. Plaintiff did not receive contemporaneous notice that Defendant was reporting public records likely to have an adverse effect on Plaintiff's ability to obtain employment.

32. Plaintiff's Consumer Report is not complete and up to date.

33. If the Consumer Report produced by Defendant was complete and up to date, it would have included the date Plaintiff's driver's license suspension ended.

34. The Consumer Report produced by Defendant does not state if the Plaintiff's child support delinquency was remedied or if she was allowed to regain her license.

35. The omission of relevant information from the Consumer Report regarding complete and up to date information on the driver's license suspension due to Plaintiff's child support payment delinquency violates 15 U.S.C. §1681k.

36. The omission of relevant information from the Consumer Report regarding complete and up to date information on Plaintiff's delinquent child support payments violates 15 U.S.C. §1681k.

37. The omission of relevant information from the Consumer Report produced by Defendant is evidence that Defendant failed to utilize strict procedures to ensure that Plaintiff's information was complete and up to date in violation of 15 U.S.C. § 1681k.

38. Defendant failed to provide Plaintiff with notice that public information likely to have an adverse effect on Plaintiff's employment was being provided to an end user prior to, or contemporaneously with, the release of the adverse information.

39. Plaintiff was unaware that Defendant had reported potentially adverse information to IBMV.

40. As a result, Plaintiff had no opportunity to explain or correct the adverse information prior to Defendant providing it to IBMV and/or other potential employers.

41. Plaintiff was informed by IBMV that her job offer was withdrawn due to adverse information contained in the Consumer Report.

42. The Consumer Report produced by Defendant damaged Plaintiff's livelihood.

43. The Consumer Report produced by Defendant harmed Plaintiff's reputation.

44. The manner in which the Defendant created Plaintiff's Consumer Report is consistent with Defendant's policies and procedures for creating consumer reports for employment purposes.

45. Defendant's failure to provide Plaintiff with contemporaneous notice that matters of public information likely to have an adverse effect on Plaintiff's ability to obtain employment were being provided to prospective employers is consistent with Defendant's policies and procedures for providing notice to consumers.

46. Defendant's inclusion of items of adverse information, other than records of convictions of crimes, that antedate the date when the Consumer Report was produced by more than seven years is consistent with Defendant's policies and procedures when creating consumer reports.

47. Defendant's violations of the FCRA, combined with its knowledge of the requirements of the FCRA, are evidence that Defendant was in negligent and reckless disregard of the law.

## CLASS ACTION ALLEGATIONS

48. **Class Definitions**: Pursuant to Federal Rule of Civil Procedure 23, Plaintiff proposes the following class definitions:

> **15 U.S.C. § 1681c(a)(2) Class:** All individuals who were the subject of one or more consumer reports that included civil suits, civil judgments, and records of arrest that, from date of entry, antedate the reports by more than seven years for the period of the previous two years prior to the date of filing, through the conclusion of this matter.
>
> **15 U.S.C. § 1681c(a)(5) Class:** All individuals who were the subject of one or more consumer reports that included driver's license suspensions that antedate the consumer reports by more than seven years for the period of the previous two years prior to the date of filing, through the conclusion of this matter.
>
> **15 U.S.C. § 1681k Class:** All individuals who were the subject of one or more consumer reports in which Defendant included matters of public record that were likely to have an adverse effect upon a consumer's ability to obtain employment without giving prior or contemporaneous notice as required by 15 U.S.C. § 1681k(a)(1), or maintaining strict procedures as required by 15 U.S.C. § 1681k(a)(2), for the period of the previous two years prior to the date of filing, through the conclusion of this matter.

49. As used herein, the term "Proposed Classes" shall refer to the aforementioned putative classes.

50. Plaintiff reserves the right to amend the class definitions before the Court determines whether certification is appropriate, if discovery or further investigation reveals that the Proposed Classes should be expanded or otherwise modified.

51. Excluded from the Proposed Classes are: (i) Defendant, its parents, subsidiaries, affiliates, officers, and directors; (ii) those who make a timely election to be excluded from the Proposed Classes, and (iii) any member of the judiciary presiding over this action.

52. **Numerosity**: The Proposed Classes are so numerous that joinder of all members of each class is impracticable. Defendant routinely produces consumer reports on individuals to end users for employment purposes. In doing so, Defendant fails to comply with the certification, accuracy, and notice mandates of the FCRA. Upon information and belief, Defendant has produced more than 10,000 consumer reports using the same policies and procedures during the relevant period. Accordingly, Plaintiff estimates that at least 1,000 individuals would fall within

the definitions of the Proposed Classes during the relevant time period. Members of the Proposed Classes can be identified through Defendant's records.

53. **Common Questions of Law and Fact**: Virtually all issues of law and fact in this class action predominate over any questions affecting individual members of the Proposed Classes. The questions of law and fact common to the Proposed Classes include:

a. Whether Defendant's procedures are designed to include civil suits, civil judgments, and records of arrest that, from date of entry, antedate the consumer reports by more than seven years;

b. Whether Defendant's procedures are designed to include driver's license suspensions that antedate the consumer reports by more than seven years;

c. Whether Defendant produced consumer reports that contain obsolete information in violation of 15 U.S.C. § 1681c(a);

d. Whether Defendant failed to provide proper notice or maintain strict procedures designed to ensure information was complete and up to date;

e. Whether Defendant's violations of the FCRA were in negligent and/or reckless disregard of the FCRA; and

f. The proper measure of damages.

54. **Typicality**: Plaintiff's claims are typical of the members of the Proposed Classes in that Plaintiff is entitled to relief under the same causes of action and upon the same facts. Defendant is a consumer reporting agency that produces consumer reports to end users. Defendant produces the reports in violation of the mandates of the FCRA. Accordingly, the FCRA violations suffered by Plaintiff are typical of those suffered by other members of the Proposed Classes. Finally, Defendant treated Plaintiff consistent with other members of the Proposed Classes in accordance with Defendant's standard policies and practices.

55. **Common Questions of Law and Fact**: Virtually all issues of law and fact in this

class action predominate over any questions affecting individual members of the Proposed Classes. The questions of law and fact common to the Proposed Classes include:

a. Whether Defendant's procedures are designed to include civil suits, civil judgments, and records of arrest that, from date of entry, antedate the consumer reports by more than seven years;

b. Whether Defendant's procedures are designed to include driver's license suspensions that antedate the consumer reports by more than seven years;

c. Whether Defendant produced consumer reports that contain obsolete information in violation of 15 U.S.C. § 1681c(a);

d. Whether Defendant failed to provide proper notice or maintain strict procedures designed to ensure information was complete and up to date;

e. Whether Defendant's violations of the FCRA were in negligent and/or reckless disregard of the FCRA; and

f. The proper measure of damages.

56. **Adequacy of Representation**: Plaintiff is an adequate representative of the Proposed Classes because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Proposed Classes. Plaintiff has retained attorneys competent and experienced in FCRA class action litigation. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of all members of the Proposed Classes.

57. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Moreover, questions of law and fact common to the members of the Proposed Classes overwhelmingly predominate over individual questions that may arise. Specifically, Defendant's conduct as described herein stems from common and uniform policies and practices which resulted in common violations of the FCRA.

58. Even if members of the Proposed Classes were able or willing to pursue individual cases, a class action would still be preferable given that a multiplicity of individual actions would likely increase the expense and time of litigation in light of the complex legal and factual controversies presented. Conversely, a class action provides the benefits of fewer management difficulties, single adjudication, economy of scale, and comprehensive supervision before a single trier of fact, and would result in reduced time, effort, and expense for all parties and the Court, and ultimately, the uniformity of decisions.

59. Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA on behalf of all members of the Proposed Classes.

60. Plaintiff intends to send notice to all members of the Proposed Classes to the extent required by Fed. R. Civ. P. 23. The names and addresses of the members can be identified through Defendant's records.

**COUNT I**
**15 U.S.C § 1681c(a) VIOLATIONS**
**(On Behalf of Plaintiff and the 15 U.S.C. § 1681c(a)(2) and 15 U.S.C. § 1681c(a)(5) Classes)**

61. Plaintiff incorporates the foregoing paragraphs 8-61 of this Class Action Complaint as if fully set forth herein.

62. The consumer reports produced by Defendant regarding Plaintiff and the 15 U.S.C. § 1681c(a)(2) Class contain civil suits, civil judgments, records of arrest that, from date of entry, antedate the consumer reports by more than seven years.

63. The consumer reports produced by Defendant regarding Plaintiff and the 15 U.S.C. § 1681c(a)(5) Class contain driver's license suspensions that antedate the consumer reports by more than seven years.

64. Inclusion of adverse items of information that antedate consumer reports by more

than seven years damage the reputations of Plaintiff and the 15 U.S.C. § 1681c(a)(2) and 15 U.S.C. § 1681c(a)(5) Classes.

65. The consumer reports produced by Defendant regarding Plaintiff and the 15 U.S.C. § 1681c(a)(2) and 15 U.S.C. § 1681c(a)(5) Classes report information that Congress has deemed illegal to report due to the harm it causes consumers.

66. The consumer reports prepared by Defendant regarding Plaintiff and the 15 U.S.C. § 1681c(a)(5) Class include adverse information that are not records of criminal convictions and antedate the consumer reports by more than seven years.

67. A reasonable employer would consider someone who has suffered a license suspension less desirable for employment purposes.

68. Defendant's procedure for producing consumer reports includes the inclusion of items of adverse information that violate the FCRA rights of Plaintiff and the 15 U.S.C. § 1681c(a)(2) and 15 U.S.C. § 1681c(a)(5) Classes in a more unfavorable light than they would have been if Defendant had complied with the FCRA.

69. Defendant's violations of the FCRA were negligent and/or reckless.

70. Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice;

b. Defendant had access to public information that proved the adverse information included in the consumer reports regarding Plaintiff and the 15 U.S.C. § 1681c(a)(2) and 15 U.S.C. § 1681c(a)(5) Classes antedate the report by more than seven years; and

c. Defendant committed multiple violations of the FCRA by producing consumer reports regarding Plaintiff and the 15 U.S.C. § 1681c(a)(2) and 15 U.S.C. § 1681c(a)(5) Classes that include outdated information.

71. Plaintiff and the 15 U.S.C. § 1681e(b)(2) and 15 U.S.C. § 1681c(a)(5) Classes are entitled to statutory damages of not less than $100 and not more than $1000 for each of Defendant's violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

72. Plaintiff and the 15 U.S.C. § 1681e(b)(2) and 15 U.S.C. § 1681c(a)(5) Classes are also entitled to punitive damages for Defendant's violations pursuant to 15 U.S.C. §1681n(a)(2).

73. Plaintiff and the 15 U.S.C. § 1681e(b)(2) and 15 U.S.C. § 1681c(a)(5) Classes are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3).

**COUNT II**
**<u>15 U.S.C § 1681k VIOLATIONS</u>**
**(On Behalf of Plaintiff and the 15 U.S.C. § 1681k Class)**

74. Plaintiff incorporates the foregoing paragraphs 8-61 of this Class Action Complaint as if fully set forth herein.

75. The FCRA mandates that a consumer reporting agency furnishing a consumer report for employment purposes: (i) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; and (ii) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

76. Upon information and belief, Defendant has no practice by which it provides contemporaneous notice to consumers when Defendant reports public record information to the user of its consumer reports.

77. Upon information and belief, Defendant has no strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's

ability to obtain employment is reported, the information is complete and up to date.

78. The consumer reports regarding Plaintiff and the 15 U.S.C. § 1681k Class were not complete and up to date.

79. The consumer reports regarding Plaintiff and the 15 U.S.C. § 1681k Class failed to have complete and up to date information regarding driver's license suspensions.

80. The consumer reports regarding Plaintiff and the 15 U.S.C. § 1681k Class failed to report if child support payments were still delinquent.

81. The manner in which the consumer reports regarding Plaintiff and the 15 U.S.C. § 1681k Class were produced is consistent with Defendant's policies and procedures.

82. Failing to provide Plaintiff and the 15 U.S.C. § 1681k Class with contemporaneous notice that matters of public information likely to have an adverse effect on their ability to obtain employment is being provided to prospective employers deprives them of the opportunity to proactively address the forthcoming information.

83. Defendant's failure to comply with the provisions of 15 U.S.C. § 1681k threatens the livelihood of consumers.

84. Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice;

b. Defendant had access to public information that proved the consumer reports regarding Plaintiff and the 15 U.S.C. §1681k Class were not complete and up to date; and

c. Defendant committed multiple violations of the FCRA by producing consumer reports regarding Plaintiff and the 15 U.S.C. § 1681k Class without use of strict procedures.

85. Plaintiff and the 15 U.S.C. § 1681k Class are entitled to statutory damages of not

less than $100 and not more than $1000 for each of Defendant's violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

86. Plaintiff and the 15 U.S.C. § 1681k Class are also entitled to punitive damages for Defendant's violations pursuant to 15 U.S.C. §1681n(a)(2).

87. Plaintiff and the 15 U.S.C. § 1681k Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and those similarly situated, respectfully requests that this Court enter judgment against Defendant as follows:

a. Certifying the 15 U.S.C § 1681c(a)(2) Class, the 15 U.S.C § 1681c(a)(5) Class, and the 15 U.S.C § 1681k Class under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiff as class representative and designating Plaintiff's undersigned counsel as counsel for the Proposed Classes;

c. Finding that Defendant committed multiple, separate violations of the FCRA as to each Proposed Class Member;

d. Finding that Defendant negligently or recklessly violated the provisions of the FCRA.

e. Finding that Defendant acted negligently and/or in deliberate or reckless disregard of Defendant's obligations under the FCRA and the rights of Plaintiff and the Proposed Classes;

f. Awarding statutory damages as provided by the FCRA;

g. Awarding punitive damages as provided by the FCRA;

h. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

i. Granting other and further relief, in law or equity, as this Court may deem just, equitable, and/or appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all Counts so triable.

Respectfully submitted,

Dated: January 7, 2026

By: /s/ *Amina A. Thomas*
Amina A. Thomas
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
athomas@cohenmalad.com

Jayson A. Watkins MO 61434 *
**SIRI & GLIMSTAD LLP** 745
Fifth Avenue, Suite 500 New
York, NY 10151
Direct: 816-281-7162
Email: jwatkins@sirillp.com
**Pro Hac Vice Forthcoming*
*Attorneys for Plaintiff*